UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61087

JEFFREY SMITH,

    Plaintiff,

v.

MEDICREDIT, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff JEFFREY SMITH ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant MEDICREDIT, INC. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C § 1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute § 559.551, the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff states the following:

## INTRODUCTION & LEGAL STANDARD

1. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

2. Section 1692c of the FDCPA states:

> …[W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, *a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*

15 U.S.C § 1692c(b) (emphasis added).

3. Similarly, pursuant to the FCCPA, it is unlawful for a debt collector to: "…*willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.*" Fla. Stat. § 559.72(7) (emphasis added).

4. As set forth in more detail below, Defendant violated both the FDCPA and FCCPA by leaving a pre-recorded voicemail on Plaintiff's home telephone stating, *inter alia*, Defendant was a debt collector, whereby Defendant knew or had reason to know would be otherwise communicated to unauthorized third-party individuals, and was in fact communicated to such.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendant occurred here.

## PARTIES

7. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

8. Defendant is a Missouri corporation, with its principal place of business located in Columbia, Missouri.

9. On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

10. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

11. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

12. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA.[1]

13. Plaintiff is a "consumer" within the meaning of the FDCPA.[2]

14. Defendant is a "debt collector" as defined by the FDCPA and FCCPA.[3]

15. Upon information and belief, on a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

16. On or about April 18, 2016, Defendant left the following pre-recorded message (the "Voicemail") on Plaintiff's voicemail at his residence:

> Hello. We are calling from Medicredit on behalf of Westside Regional Medical Center. This is a call from a debt collector. Please return our call at 1-800-823-2318, Monday through Friday, during normal business hours. Thank you.

17. The Voicemail is a "communication" as defined by the FDCPA and FCCPA.[4]

18. The following parties heard the Voicemail while at or while visiting Plaintiff's residence: Chris Smith, and Kevin Smith (collectively, the "Third-Parties").

19. Plaintiff did not authorize Defendant to communicate with the Third-Parties.

---

1 *See*, 15 U.S.C § 1692a(5); Fla. Stat. § 559.55(6).
2 *See*, 15 U.S.C § 1692a(3).
3 *See*, 15 U.S.C § 1692a(6); Fla. Stat. § 559.55(7).
4 *See*, 15 U.S.C § 1692a(2); Fla. Stat. § 559.55(2).

20. No court authorized Defendant to communicate with Third-Parties.

21. The Third-Parties had no legitimate business need for the information communicated in the Voicemail.

22. Defendant knew or had reason to know that the Third-Parties had no legitimate business need for the information communicated in the Voicemail.

23. The Voicemail communicated information affecting Plaintiff's reputation.

24. Defendant knew or had reason to know that persons other than Plaintiff may hear the Voicemail left at Plaintiff's residence.

25. Defendant knew or had reason to know the Voicemail would unduly harass, or be abusive to, Plaintiff and/or the Third-Parties.

## COUNT I.
## VIOLATION OF THE FDCPA

26. Plaintiff incorporates by reference paragraphs 11-25 of this Complaint as though fully stated herein.

27. Defendant communicated with a third-party, in violation of § 1692c(b) of the FDCPA, by and through the Voicemail.

28. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages.

## COUNT II.
## VIOLATION OF THE FCCPA

29. Plaintiff incorporates by reference paragraphs 11-25 of this Complaint as though fully stated herein.

30. By and through the Voicemail, Defendant violated § 559.72(5) of the FCCPA, to wit, Defendant willfully engaged in conduct reasonably expected to abuse or harass Plaintiff and/or any member of Plaintiff's family, whereby the Voicemail was, *in-fact*, harassing and/or abusive to Plaintiff and Plaintiff's family.

31. As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or finical credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages.

## DEMAND FOR JURY TRIAL

32. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b) Statutory and actual damages, as provided under § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(c) Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(d) Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: May 20, 2016

                          Respectfully Submitted,

                          /s/ Thomas J. Patti
                        **THOMAS J. PATTI, ESQ.**
                        Florida Bar No.: 118377
                        E-mail:  tpatti@thomasjohnlaw.com
                        Thomas-John Law, P.A.
                        110 SE 6th Street, Suite 1700
                        Fort Lauderdale, Florida 33301
                        Phone:   877-575-0010
                        Fax:       954-507-9975

                                 AND

                        /s/ Jibrael S. Hindi
                        **JIBRAEL S. HINDI, ESQ.**
                        Florida Bar No.: 118259
                        E-mail:  jibrael@jibraellaw.com
                        The Law Offices of Jibrael S. Hindi
                        110 SE 6th Street, Suite 1744
                        Fort Lauderdale, Florida 33301
                        Phone:   954-907-1136
                        Fax:       855-529-9540

                        *COUNSEL FOR PLAINTIFF*